UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAWRENCE CRANDLE, JR.** : | **DOCKET NO. 17-cv-0055** |
| **B.O.P. # 05377-095** | **SECTION P** |
| **VERSUS** : | **JUDGE TRIMBLE** |
| **CALVIN JOHNSON** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Lawrence Crandle, Jr. ("Crandle"). Crandle is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

On May 19, 2010, Crandle pleaded guilty in the Middle District of Louisiana to: (1) possession with the intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Crandle*, No. 3:10-cr-35 (M.D. LA.), docs. 22 & 24. On March 3, 2011, he was sentenced to a total of 197 months of imprisonment and five

years of supervised relief.  *Id.* at doc. 81.  In the instant petition he states that he did not file an appeal [doc. 1, p. 2], but the record in his criminal case shows that a notice of appeal was filed on March 16, 2011.  *Crandle*, No. 3:10-cr-35, doc. 76.  On September 28, 2011, the Fifth Circuit dismissed the appeal as frivolous.  *Id.* at doc. 100.

On April 18, 2012, Crandle filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the Middle District of Louisiana. *Id.* at doc. 108.  He filed a supplement to his motion on June 18, 2013.  Id. at doc. 121.  The record does not show a ruling on the motion.  In completing his § 2241 form relative to the § 2255 motion to vacate, Crandle states that he does not have any available records as all legal documents were lost through the Marshal Service during transfer.  Doc. 1, p. 3.

On September 21, 2015, Crandle filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in the Middle District of Louisiana.  *Crandle*, No. 3:10-cr-35, doc. 151.  The motion was granted on December 2, 2015, reducing Crandle's sentence from 197 months to 175 months of incarceration.  *Id.* at doc. 157.

Crandle filed the instant § 2241 *habeas* petition in this court, seeking "to have his guilty plea . . . rendered invalid . . . on ground that § 841(a) categorically fails to qualify as a 'crime of violence' within the meaning of § 924(C)(3)(A) and that statute's residual clause, § 924(C)(3)(B), is unconstitutionally vague under *Johnson v. United States*."[1]  Doc. 1, p. 4.  He claims entitlement to relief under the savings clause.  Doc. 1, att. 1, p. 3.

## II.
### LAW AND ANALYSIS

At the outset, this court must determine whether Crandle's claims are properly raised in a § 2241 *habeas* petition.  A collateral attack on a federal criminal conviction is generally limited to

---

[1] *Johnson v. United States*, 135 S.Ct. 2551 (2015).

a motion to correct, vacate, or set aside sentence under § 2255.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  *Id.* at 877–78.  The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001).  "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner."  *Jeffers*, 253 F.3d at 830.

A remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers*, 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate).  However, a petitioner can fulfill the savings clause's standards and meet the burden of establishing an ineffective or inadequate remedy if he satisfies the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.

In *Johnson*, decided after Crandle filed his motion for relief under § 2255, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii),[2] was unconstitutionally vague. 135 S.Ct. 2551. *Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). Crandle seeks application of *Johnson* to the "crime of violence" definition under § 924(c)(3), which reads that a crime of violence is defined as an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (residual clause). However, *Johnson* did not address section 924(c)(3)(B) and the United States Supreme Court has not held that the residual clause of section 924(c)(3) is also unconstitutional under its reasoning in *Johnson*. Additionally, in a recent *en banc* opinion, the United States Fifth Circuit Court of Appeals held that 18 U.S.C. § 16(b), worded identically to § 924(c)(3)(B), is not unconstitutionally vague. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 676–77 and n. 6 (5th Cir. 2016).

Further, even if *Johnson* does apply to § 924(c)(3), the Supreme Court has not addressed whether this rule applies retroactively to cases on collateral review. *See In re Fields*, 826 F.3d 785, 787 (5th Cir. 2016). In addition, if *Johnson* is ever found to be applicable to his claims, his avenue for seeking relief will be via the Fifth Circuit's certification of a second or successive § 2255 motion.

---

[2] The residual clause defines a violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *see Johnson*, 135 S.Ct. at 2555.

Crandle has not demonstrated that he is entitled to proceed based on *Johnson*. Accordingly, he does not satisfy the savings clause and this court has no jurisdiction to consider his claim under § 2241.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE